UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID LAMOTHE, JR. | § | CIVIL ACTION NO.: |
| | § | |
| VERSUS | § | SECTION: |
| | § | |
| WALMART INC., WAL-MART | § | |
| LOUISIANA LLC, AND WAL-MART | | |
| STORES EAST, LP | | |

## NOTICE OF REMOVAL

TO:   **The Honorable Judges**
**of the United States District Court**
**for the Eastern District of Louisiana**

Defendants, Walmart Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Stores East, LP (collectively "Walmart"), file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby remove this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.     On August 25, 2020, David Lamothe, Jr. filed this lawsuit against Walmart Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Stores East, LP, in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing case number 2020-07211 and entitled *David Lamothe, Jr. v. Walmart Inc., Wal-Mart Louisiana LLC, and Wal-Mart Stores East, LP*. (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A.")

2.     Walmart was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on September 29, 2020. (*See* CT Corporation Service of Process Transmittal Notice, attached hereto and marked for identification as Exhibit "B.")

3.     The suit seeks damages from Walmart for injuries allegedly sustained by the plaintiff as a result of an incident, which occurred at the Walmart Store #1163 located on Behrman Highway in New Orleans, Louisiana, on January 23, 2020.

4.     Plaintiff alleges in Paragraph VI of the Petition that as a result of the above-described incident, he sustained serious injuries for which he sought medical treatment and has incurred medical expenses. In Paragraph X of the petition, plaintiff itemizes his damages to include past, present and future physical pain and suffering; past, present and future mental pain and suffering; past, present and future loss of or diminution of enjoyment of life; past, present and future impairment and/or disability; past, present and future loss of benefits; past, present and future medical expenses; and, any other damages proven at the trial of this matter.

5.     Based on information provided by plaintiff's counsel prior to filing suit, plaintiff has been evaluated and treated at Pontchartrain Orthopedics & Sports Medicine. It is noted that a previous injection provided short term relief and that his physician attempted conservative treatment for a meniscus tear and arthritis. However, upon a second review of his MRI, his physician discovered a second tear, which was the reason why his injuries were not improving. The doctor therefore canceled physical therapy and plaintiff was scheduled for knee surgery, which in turn was performed on June 4, 2020 at East Jefferson General Hospital.

## I.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

6.     28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

### A.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

7.     The Fifth Circuit has explained that for purposes of establishing removal

jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

8.      Plaintiff has alleged injuries and damages that, if true, which defendants vehemently deny, place an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiffs will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op.

9.      While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B.      COMPLETE DIVERSITY

10.      Defendant, Walmart Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

11.      Defendant, Wal-Mart Louisiana, LLC, is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LP, an Arkansas limited partnership with its

principal place of business in Bentonville, Arkansas.  The sole member of Wal-Mart Stores East, LP is its parent company Walmart Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

12.     Plaintiff is a resident and domiciled in the Parish of Jefferson, State of Louisiana.

13.     Accordingly, there is complete diversity of citizenship between the plaintiff and the only named defendant.

14.     This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

15.     Walmart was served with plaintiff's Petition through its agent for service of process, CT Corporation, on September 29, 2020.

## II.     WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

16.     This Notice of Removal is being filed within thirty (30) days after first receipt by Walmart of a copy of the initial pleadings setting forth the claim of relief upon which the action is based, it is therefore timely under 28 U.S.C. § 1446(b).

17.     Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

18.     The Civil District Court for the Parish of Orleans, State of Louisiana, is located

within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

19.    No previous application has been made by Walmart in this case for the relief requested herein.

20.    Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon David Lamothe, Jr., and a copy is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

21.    Petitioners, Walmart Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Stores East, LP, desire and are entitled to **trial by jury** of all issues herein.

**WHEREFORE**, defendants, Walmart Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Stores East, LP , hereby remove this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

/s/ Roy C. Beard
ROY C. BEARD, (#17461)
rcb@mcsalaw.com
P. SINNOTT MARTIN (#37218)
psm@mcsalaw.com
MCCRANIE, SISTRUNK, ANZELMO, HARDY
McDANIEL & WELCH
909 Poydras Street, Suite 1000
New Orleans, La. 70112
(504) 831-0946
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this __16th__ day of October, 2020, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system and will be mailed to all other parties.

_/s/ Roy C. Beard_____

ROY C. BEARD
