2020-07211

**I**

Section 14

FILED
2020 AUG 25  P 02:40
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NUMBER: _____         DIVISION: _____

DAVID LAMOTHE, JR.

VERSUS

WALMART INC., WAL-MART LOUISIANA LLC, WAL-MART STORES EAST, LP

FILED: _____         _____
                                                                    DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff DAVID LAMOTHE, JR., an adult domiciled in Jefferson Parish, Louisiana, who respectfully avers as follows:

I.

WALMART INC., WAL-MART LOUISIANA LLC, and WAL-MART STORES EAST, LP (collectively "Walmart") are named as a defendants herein. These Walmart entities are foreign corporations domiciled in Delaware with their principal place of business in Arkansas and are licensed to do and doing systematic and continuous business in Orleans Parish, Louisiana at all relevant times. Walmart is liable unto David Lamothe for claims asserted below.

II.

Walmart Inc., Wal-Mart Louisiana LLC, and/or Wal-Mart Stores East, LP (collectively hereinafter "Walmart") owned or leased and operated the Wal-Mart Supercenter #1163, located at 4001 Behrman Highway, in New Orleans, Louisiana.

III.

Venue is proper pursuant to Louisiana Code of Civil Procedure Article 74 as the wrongful conduct occurred and the damages were sustained in the Parish of Orleans, State of Louisiana.

IV.

On or about January 23, 2020, David Lamothe, Jr. went shopping at Walmart Store #1163, located at 4001 Behrman Highway, in New Orleans, Louisiana. As he walked through the store, David Lamothe, Jr. exercised ordinary and reasonable care for his own safety.

1

E-Filed

VERIFIED
Yan[...]
2020 A[...]

**EXHIBIT**
**A**

2020-07211

I

Section 14

FILED
2020 AUG 25 P 02:40
CIVIL
DISTRICT COURT

V.

David Lamothe Jr. was walking in an aisle containing Mardi Gras merchandise when he suddenly twisted and fell down to the ground. Mr. Lamothe looked around to see what caused him to fall. He observed that he had walked through water on the floor and an unattended bucket that was placed to collect water dripping from the store's leaking roof. He did not see any warning cone or tape, nor was a Walmart employee in the area.

VI.

As a result of his fall, David Lamothe, Jr. sustained serious injuries for which he has sought medical attention and treatment and has incurred medical expenses.

VII.

Walmart personnel created the risk that caused him to fall. Walmart personnel also knew or should have known that a customer could trip over a bucket placed at his or her feet or slip on water that would miss the bucket, overtop the bucket, or splatter from the bucket and collect on the floor. And certainly, Walmart personnel knew or should have known that people can seriously hurt themselves when slipping and/or tripping in this fashion. For these reasons, Walmart knew or should have known that placing the bucket to correct the roof leak, without more, posed an unreasonable risk of harm to Walmart's paying customers, including David Lamothe, Jr.

VIII.

The area where David Lamothe, Jr. fell was not closed to customers, nor was the hazardous condition of the walking lane corrected. To the contrary, the unreasonably unsafe solution to a roof leak was left unattended by WALMART and/or its employees.

IX.

Walmart personnel also failed to warn and/or put out warning signs or cones prior to the hazard. Any one of these reasonable measures that would have heightened the probability that Walmart shoppers walking through the isle, shoppers whose eyes are eyes naturally drawn to the merchandise they seek, would be aware of the hazardous condition at their feet.

IX.

The specific acts of omission and commission of WALMART and Walmart personnel that directly caused, proximately caused, or were a substantial factor in causing Plaintiff to fall, include:

2020-07211

FILED
2020 AUG 25 P 02:40
CIVIL
DISTRICT COURT



Section 14

a) Failing to exercise reasonable care in ensuring that all parts of the store are reasonably safe;

b) Failing to properly inspect the walkways and assure they are free from hazards;

c) Failing to maintain the roof in a condition that would prevent water from falling on the floor;

d) Failing to warn its paying guests of dangerous condition(s) on its floors;

e) Failing to timely and adequately eliminate the unsafe condition;

f) Failing to clean and/or dry the floor in a timely fashion;

g) Failing to properly train and/or supervise its managers, employees, and agents;

h) Failing to properly enforce or follow reasonable procedures that would have prevented the harm to Plaintiff;

i) Failing to comply with the applicable laws and regulations concerning safety, including La. R.S. 9:2800.6; and

j) Any and all other negligent acts of omission or commission which may be shown at trial of this matter.

X.

In accordance with Louisiana Civil Code articles 2315, 2317, and La. R.S. 9:2800.6, Walmart is liable unto David Lamothe, Jr. for the damages he sustained as a result of the incident, including:

a) Past, present, and future physical pain and suffering;
b) Past, present, and future mental pain and suffering;
c) Past, present, and future loss of or diminution of enjoyment of life;
d) Past, present, and future impairment and/or disability;
e) Past, present, and future loss of benefits;
f) Past, present, and future medical expenses; and
g) Any other damages proven at the trial of this matter.

PRAYER FOR RELIEF

WHEREFORE plaintiff David Lamothe. Jr. prays that the Defendants be served with a copy of this Petition and Citation and that after all legal proceedings are had there be judgment herein in his favor and against the Walmart Defendants, individually, jointly, severally, and in solido, awarding him a sum sufficient to compensate him for the damages he sustained as a result

2020-07211

I

Section 14

FILED
2020 AUG 25 P 02:40
CIVIL
DISTRICT COURT

of the incident, all as described above, together with interest from the date of judicial demand until paid, and all costs of these proceedings, and any other available general and equitable relief.

Respectfully Submitted,
WALTZER WIYGUL & GARSIDE, LLC

*[signature]*

JOEL R. WALTZER, TA (Bar No. 19268)
EVETTE E. UNGAR (Bar No. 29013)
KYLIE FAURE (Bar No. 37116)
3201 General DeGaulle Dr., Ste. 200
New Orleans, LA 70114
Telephone No.: (504) 340-6300
Facsimile No.: (504) 340-6330
joel@wwglaw.com; evette@wwglaw.com; kylie@wwglaw.com
*Counsel for Plaintiff*

PLEASE SERVE PETITION AND CITATION ON:

WALMART INC.
Though its registered agent:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

WAL-MART LOUISIANA LLC
Though its registered agent:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

WAL-MART STORES EAST, LP.
Though its registered agent:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

A TRUE COPY
*[signature]*
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

4

E-Filed